IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GARY DONNELL RICHARDSON                                                    PLAINTIFF

v.                                    Civil No.: 1:10-cv-01017

KEN JONES *et al.*                                                        DEFENDANTS

REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

  Gary Donnell Richardson, currently an inmate at the Union County Criminal Justice Facility, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the above-styled case be **DISMISSED** in its entirety as duplicative of another action pending in this District.

I.  Background

  On March 4, 2010, Plaintiff filed a Complaint against the Sheriff of Union County and four workers of the Union County Jail. ECF No. 1. In the Complaint, Plaintiff alleges he was: denied responses to grievances; denied writing, bathing, using commissary or hygienic products for over six weeks; subjected to excessive force by Defendant Sanders; denied his first court appearance within 120 days of his arrest; subjected to falsified statements being made against him; and housed where serious health code violations existed at the Union County Jail. *Id.*

  On the same day, Plaintiff had filed a second Complaint that raises the identical allegations as set forth in the above-styled case, and names the identical defendants. *See Richardson v. Jones,*

*et al.*; 1:10-cv-1015.

## II. Applicable Law

In *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-819 (1976), the United States Supreme Court held that as between federal district courts, "though no precise rule has evolved, the general principle is to avoid duplicative litigation." Citing this case, the Court in *Cupe v. Lantz*, 470 F. Supp.2d 128, 132 (D. Conn. 2007), discussed the "prior pending action doctrine", as one of federal judicial efficiency which provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second."

## III. Discussion

As the instant case was docketed second, it is the recommendation of the undersigned that it should be dismissed, with prejudice, because it asserts the identical claims as set forth in *Richardson v. Jones, et al.*; 1:10-cv-1015. The Court also notes this case has not yet been served, and therefore, there should be no prejudice to the parties for dismissal at this time.

## IV. Conclusion

For the reasons set forth above, it is **RECOMMENDED** that the above-styled case be **DISMISSED**, with prejudice as duplicative of the claims in *Richardson v. Jones, et al.*; 1:10-cv-1015.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

      **IT IS SO ORDERED this 19th day of May 2011.**

                                             /s/ Barry A. Bryant  
                                             HON. BARRY A. BRYANT  
                                             U.S. MAGISTRATE JUDGE